141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Terry Lynn BEYDLER, Defendant-Appellant.
 No. 95-30341.
D.C. No. CR 94-290-01-JAR.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 19, 1998.
 
 Appeal from the United States District Court for the District of Oregon James A. Redden, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Terry Lynn Beydler appeals his conviction, after a jury trial, for firearm possession by a felon in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred by: (1) limiting his cross-examination of an accomplice witness and excluding expert testimony regarding the witness's sentence reduction, and (2) refusing to give a requested jury instruction on accomplice witnesses. He also contends that these rulings amounted to cumulative error. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Defense counsel cross-examined Beydler's codefendant Ernest Stahlman about several matters, including the various federal and state charges against him and the sentences he could receive. Upon the government's objection, the district court prohibited as cumulative further cross-examination regarding the United States Sentencing Guidelines. Defense counsel made an offer of proof that he would have presented testimony by Stahlman's counsel or another attorney regarding sentencing under the Guidelines.
 
 
 4
 Because Stahlman already had testified and been cross-examined about his potential life sentence, the jury possessed sufficient information to appraise his motivation to testify falsely in order to receive a substantially shorter term of imprisonment. See United States v. Guthrie, 931 F.2d 564, 568 (9th Cir.1991). Accordingly, we find no abuse of discretion in the district court's exclusion of further impeachment evidence. See United States v. Wills, 88 F.3d 704, 714 (9th Cir.) (limits on scope and extent of cross-examination reviewed for abuse of discretion), cert. denied, --- U.S. ----, 117 S.Ct. 499, 136 L.Ed.2d 390 (1996).
 
 
 5
 Beydler also contends that the district court erred by refusing to give his requested jury instruction on accomplice witnesses. This contention also lacks merit. The instructions given adequately covered the subject of Stahlman's credibility by discussing several possible reasons to distrust his testimony. See Wills, 88 F.3d at 716 (accomplice instruction not required when immunity instruction given). In addition, defense counsel presented other credibility questions to the jury. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1574 (9th Cir.1989). Accordingly, the district court did not err by refusing to give the instruction proposed by Beydler. See Wills, 88 F.3d at 715 (whether jury instructions adequately covered defense theory of case reviewed de novo); United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.1992) (defendant not entitled to any particular form of instruction, nor to instruction that duplicates what jury already has been told). Because we find no error, we find no cumulative error. See United States v. Necoechea, 986 F.2d 1273, 1281 (9th Cir.1993).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3